UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

'10 AUG 25 PM 5: 49

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:10-CR 1:10-cr-142-TWP-KPF |
| VIOLA A. WHALEN, | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges that:

At all times material to these charges:

1.    VIOLA A. WHALEN (hereafter "WHALEN"), the defendant herein, applied for benefits under the Social Security Administration Survivor's Benefits program in approximately December 1990 on behalf of her child, John Doe, born in September 1990. One object of the Social Security Administration Survivor's Benefits program is to replace part of the earnings lost because of a deceased parent. Monthly benefits are paid to eligible children whose parent died after having worked long enough to have paid Social Security taxes.

2.    WHALEN's application was granted and approved because John Doe's father died in February 1990 and he had previously paid Social Security taxes through employment. WHALEN received benefits for John Doe from September 1990 through September 2008, when they stopped because John Doe turned 18 years old.

3.    After WHALEN's application for John Doe was approved in December 1990, she began receiving monthly benefits from the Social Security Administration Survivor Benefits

program. WHALEN designated herself as the representative payee for John Doe's benefits.

4. WHALEN, as the representative payee for John Doe, was required to complete and return an accounting report for the Social Security Administration detailing how she spent and saved the benefit funds received on behalf of John Doe. Each year WHALEN claimed that John Doe lived with her and the funds were spent on John Doe's care and support, but, in fact, John Doe resided with family members from the time he was approximately 1 year old until he turned 18 years old. John Doe did not ever live with WHALEN between approximately 1991 and September 2008 when he turned 18 years old.

5. WHALEN failed to report this information to the Social Security Survivor Benefits Program as she was required. WHALEN had received approximately $117,195, more or less, in Social Security Survivor Benefits income to which she was not entitled because John Doe was not in her care or support.

**COUNT ONE - UNAUTHORIZED RECEIPT OF SOCIAL SECURITY FUNDS**

6. The general allegations in Paragraphs 1 through 5 of this Indictment are incorporated herein as if fully set forth.

7. From in or about September 2005 through in or about September 2008, at Henry County, Indiana, in the Southern District of Indiana and elsewhere, VIOLA A. WHALEN, the defendant herein, with intent to fraudulently obtain payment of Social Security Administration Survivor Benefits in a greater amount than was due and when no payment was authorized, did knowingly conceal and fail to disclose to the Social Security Administration that her son was not

in her care and custody, which resulted in the defendant receiving Social Security Survivor's Benefits to which she was otherwise not entitled.

All in violation of 42 U.S.C. § 408(a)(4).

### COUNT TWO - UNAUTHORIZED USE OF SOCIAL SECURITY FUNDS

8.      From on or about September 2005 through January 31, 2006, in Henry County, Indiana, in the Southern District of Indiana, VIOLA A. WHALEN, defendant herein, having made application to receive payment under Title II of the Social Security Act for the use and benefit of John Doe, a child under the age of 18, her child, and having received such payments on behalf of John Doe, did knowingly and willfully convert such payments to a use other than for the use or benefit of John Doe.

All in violation of Title 42, United States Code, Section 408(a)(5).

**COUNT THREE- UNAUTHORIZED USE OF SOCIAL SECURITY FUNDS**

9. From on or about February 1, 2006 through January 31, 2007, in Henry County, Indiana, in the Southern District of Indiana, VIOLA A. WHALEN, defendant herein, having made application to receive payment under Title II of the Social Security Act for the use and benefit of John Doe, a child under age of 18, her child, and having received such payments on behalf of John Doe, did knowingly and willfully convert such payments to a use other than for the use or benefit of John Doe.

All in violation of Title 42, United States Code, Section 408(a)(5).

A TRUE BILL:



TIMOTHY M. MORRISON
United States Attorney

by: _Gayle L. Helart_
Gayle L. Helart
Assistant United States Attorney